JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas and the briefs.
Defendant-appellant Elijah Smith appeals the sentence imposed by the trial court, arguing the trial court erred in giving him the maximum sentence without enumerating the factors contained in R.C.2929.13(b)(1)(A) to (H).
The record reveals that on February 23, 1999, defendant, age seventeen, was indicted for felonious assault, a felony of the fourth degree, including a firearm specification. On August 25, 1999, defendant entered into a plea agreement with plaintiff-appellee State of Ohio whereby defendant agreed to withdraw his former plea of not guilty and plead guilty to the felonious assault charge in exchange for the State deleting the firearm specification. Approximately a month later, on September 29, 1999, the trial court imposed a sentence of one and one-half years at the Lorain Correctional Institute.
Defendant timely filed his notice of appeal and now submits a single, unopposed assignment of error which states as follows:
 THE TRIAL COURT ERRED IN IMPOSING UPON DEFENDANT A MAXIMUM SENTENCE OF INCARCERATION WITHOUT ENUMERATING ANY OF THE FACTORS CONTAINED IN OHIO R.C. 2929.13(B)(1)(A) TO (H).
Defendant argues since the trial court imposed the maximum sentence possible for a fourth degree felony, it was supposed to specify one or more of the factors listed in R.C. 2929.13(B)(1)(a) to (h). As a result of not specifying any of these factors, defendant claims the trial court erred in imposing the maximum sentence.
R.C. 2929.12(A) establishes that the court has discretion in imposing a sentence for a felony to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.
 The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
Under R.C. 2929.13(B)(2)(a), the court shall impose a prison term if, after making a finding described in R.C. 2929.13(B)(1)(a) through (h) and considering the factors set forth in R.C. 2929.12, it finds that a prison term is consistent with the purposes and principles of sentencing under R.C. 2929.11 and that the offender is not amendable to an available community control sanction.
According to R.C. 2929.19(B)(2)(a) and (d) the court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * If it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *.
Under R.C. 2929.14(C), the court may impose the longest prison term authorized only upon offenders who committed the worst forms of the offense or upon offenders who pose the greatest likelihood of committing future crimes, among others. The record must affirmatively support the trial court's sentence. R.C.2953.08(G)(1)(a).
The transcript of defendant's sentencing hearing indicates the trial court reviewed a pre-sentence report on the case. The trial court then made several findings. First, the trial court stated defendant brandished a weapon and shot the victim twice. Second, the trial court found defendant planned the crime because he wanted to collect money from the victim and carried the guns in furtherance of this plan. Third, the trial court found this was the worst form of the offense and to impose anything but the maximum would demean the seriousness of the crime. Fourth, the trial court determined it was in the best interests of the community to sentence defendant to prison term when it stated "* * * I have got the lives of a lot of other young people in this community that relate to this sentence."
In sentencing defendant, the trial court found defendant caused physical harm to a person and did so with a deadly weapon. R.C. 2929.13(B)(1)(a) and (b). Regarding the particular circumstances of the offense, defendant was engaged in an argument with another person over the sale of a bicycle. This other person would not pay defendant the money he owed defendant so defendant pulled out two guns he was carrying and shot the other person twice. Based on these facts, the trial court found it was the worst form of felonious assault because defendant planned the crime and shot a person twice over a nominal amount of money. R.C. 2929.14(C).
We conclude the record is sufficient under R.C. 2929.13(B)(2) to sustain the trial court's decision to sentence defendant to prison. The trial court explained its reasons for sentencing defendant to a prison term and made the requisite findings under R.C. 2929.13(B)(1)(a) through (h) and considered the factors set forth in R.C. 2929.12 before finding that a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11. Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate
pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J. JAMES M. PORTER, J. CONCUR.
 _______________________________ JOHN T. PATTON, PRESIDING JUDGE